IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CA No.:

| | |
|---|---|
| AISHA B. DOUMOUYA, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| TEMPUS AI, INC,, | ) |
| | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**COMPLAINT**

1:26CV405

## PARTIES

1. Plaintiff Aisha B. Doumouya is a resident of North Carolina.

2. Defendant Tempus AI, Inc. is a Corporate Entity formed under the laws of the State of Illinois with a principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, because this action arises under 42 USCS § 2000e.

4. This Court has personal jurisdiction over Tempus AI, Inc. because defendant also has an office in in North Carolina.

5. Venue is proper in this Court pursuant to 28 USCS § 1391, because plaintiff resides in this district and a substantial part of the events giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

6. Plaintiff was employed by defendant Tempus AI, Inc. as a Lab Operation Associate, then a Molecular Technologist from February 5, 2024 to September 26, 2025.

7. Plaintiff is a non-White, Black woman.

8. Defendant Tempus AI, Inc. employs approximately 2,400 employees company-wide.

9. During her employment, plaintiff performed her job duties satisfactorily and received an "Exceeding Expectations" performance rating in March 2025.

10. In February 2025, plaintiff reported to Human Resources representatives Mirna Maldonado and Giselle Duran that her team lead, Casey Normyle, was creating a hostile work environment by bad-mouthing plaintiff to colleagues.

11. Human Resources attempted to force plaintiff into mediation with Casey Normyle despite plaintiff's objection and despite plaintiff having done nothing wrong.

12. Immediately following plaintiff's February 2025 complaints to Human Resources, defendant unjustifiably stalled plaintiff's training for an entire month.

13. Plaintiff's training continued to be delayed despite other employees receiving training in a timely manner throughout plaintiff's tenure as a Molecular Technologist.

14. Following plaintiff's February 2025 complaints, defendant subjected plaintiff to intensified scrutiny and discipline despite plaintiff's consistently high performance.

15. Defendant placed false or meritless complaints on plaintiff's annual and mid-year performance reviews.

16. In April 2025, defendant issued plaintiff a final warning despite plaintiff's prior "Exceeding Expectations" rating and despite plaintiff having no prior progressive discipline or Human Resources complaints.

17. In August 2025, defendant's managers Jishen Pan and Ravi Vasireddy attempted to force plaintiff to sign a Performance Improvement Plan without affording plaintiff an opportunity to review its contents.

18. Managers Jishen Pan and Ravi Vasireddy detained plaintiff approximately 30 minutes beyond the end of her shift and informed plaintiff that she could not leave without signing the Performance Improvement Plan.

19. Previous Associate Director Kenneth Hall attempted to coerce plaintiff into signing Performance Improvement Plan in another meeting after plaintiff refused to sign it in the meeting with her managers the week before.

20. The Performance Improvement Plan contained false or exaggerated allegations and imposed standards that were not applied to other employees, such as claiming plaintiff did not complete experiments that were and were not assigned when she completed both in one day, staying in the laboratory for 7 hours straight in order to complete them.

21. Plaintiff was directed to train other employees both before and after the defendant attempted to force her to sign the Performance Improvement Plan.

22. Shortly before plaintiff's resignation, plaintiff observed Casey Normyle making a racist remark to three colleagues Victoria Cole, Jordana Whiteside, and Cara Starling, who all laughed at the remark.

23. Plaintiff reported the racist remark to Human Resources.

24. Human Resources responded belatedly to plaintiff's report of the racist remark.

25. Manager Jishen Pan laughed at the racist remark made by Casey Normyle.

26. Managers Ravi Vasireddy and Jishen Pan attempted to admonish plaintiff in a meeting with her supervisor despite Jishen Pan acknowledging that headphone use was permitted.

27. Manager Jishen Pan claimed plaintiff was being untruthful about Casey Normyle misconduct despite not being present during the incident.

28. Manager Jishen Pan and other employees repeatedly excluded plaintiff from group communications.

29. Manager Jishen Pan omitted plaintiff from a team outing.

30. Manager Marinna Peterson falsely alleged that plaintiff yelled at her on one occasion and requested plaintiff's removal from the building despite plaintiff being authorized to be present on another occasion.

31. On September 26, 2025, plaintiff resigned from her employment with defendant due to the ongoing mistreatment and cumulative impact of discriminatory and retaliatory conduct.

32. White employee Jordana Whiteside wore headphones in the lab without discipline, while plaintiff was harassed about headphone use despite policy permitting it.

33. White employees Casey Normyle and Jared Marino were frequently late without being placed on a Performance Improvement Plan, while plaintiff was berated for lesser tardiness.

34. White employees Casey Normyle, Jared Marino, and Theo Groelle slept on the clock without receiving similar discipline to that imposed on plaintiff.

35. In 2024, plaintiff and two other women were paid less than a white male employee who had less experience and education than the three women, all of whom held the same job position and title.

36. White accessioner employees were paid for performing molecular technologist work, while Black employees in similar positions were refused payment for the same work.

37. Female employees were paid less than male employees with lower education levels for the same job positions.

38. Defendant fired a disproportionate number of Black employees, while retaining White employees with problematic behavior.

39. Defendant has pattern of heavily scrutinizing Black employees.

40. Despite documented racist conduct and a prior write-up for racism, Casey Normyle received a raise and promotion following her September 17, 2025 racist remark.

41. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.

42. On January 31, 2026, the Equal Employment Opportunity Commission issued plaintiff a Right to Sue letter.

43. Plaintiff exhausted her administrative remedies as required by 42 USCS § 2000e-5.

44. Plaintiff was approved for unemployment benefits based on findings of constructive dismissal, retaliation, and discrimination.

45. As a result of defendant's conduct, plaintiff has experienced emotional distress, including stress, anxiety, and sleep loss.

46. Plaintiff has lost income since September 26, 2025 and remains unemployed in her field of work.

**Count I - Race Discrimination in Violation of 42 USCS § 2000e-2**

(against defendant Tempus AI, Inc.)

47. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

48. Plaintiff is a member of a protected class based on race.

49. Plaintiff is a non-white female.

50. Plaintiff was qualified for her position as Molecular Technologist.

51. Plaintiff performed critical responsibilities including quality control experiments and training other employees.

52. Plaintiff received an "Exceeding Expectations" performance rating in March 2025.

53. Plaintiff suffered adverse employment actions.

54. Defendant unjustifiably stalled plaintiff's training for an entire month following her February 2025 complaints.

55. Defendant subjected plaintiff to intensified scrutiny and discipline despite plaintiff's consistently high performance.

56. Defendant placed false or meritless complaints on plaintiff's annual and mid-year performance reviews.

57. Defendant issued plaintiff a final warning in April 2025 despite plaintiff's prior "Exceeding Expectations" rating and despite plaintiff having no prior progressive discipline.

58. Defendant subjected plaintiff to a coercive Performance Improvement Plan process in two separate meetings within August 2025.

59. Plaintiff was constructively discharged on September 26, 2025.

60. Similarly situated employees outside plaintiff's protected class were treated more favorably than plaintiff.

61. White employee Jordana Whiteside wore headphones in the lab without discipline, while plaintiff was harassed about headphone use despite policy permitting it.

62. White employees Casey Normyle and Jared Marino were frequently late without being placed on a Performance Improvement Plan, while plaintiff was berated for lesser tardiness.

63. White employees Casey Normyle, Jared Marino, and Theo Groelle slept on the clock without receiving similar discipline to that imposed on plaintiff.

64. Defendant fired a disproportionate number of Black employees while retaining white employees with problematic behavior.

65. The adverse employment actions were based on plaintiff's race.

66. In 2024, plaintiff was paid less than a white male employee who had less experience and education than plaintiff for the same job position.

67. White accessioners employees were paid for performing tech work, while Black employees in similar positions were refused payment for the same work.

68. Plaintiff was subjected to racist remarks by Casey Normyle.

69. Plaintiff was excluded from team communications and outings.

70. Despite documented racist conduct, Casey Normyle received a raise and promotion following her September 17, 2025 racist remark.

### Count II - Sex Discrimination in Violation of 42 USCS § 2000e-2

(against defendant Tempus AI, Inc.)

71. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 70 as if fully set forth herein.

72. Plaintiff is a member of a protected class based on sex.

73. Plaintiff is a female employee.

74. Plaintiff was qualified for her position as Molecular Technologist.

75. Plaintiff performed critical responsibilities and received an "Exceeding Expectations" performance rating.

76. Plaintiff suffered adverse employment actions.

77. Defendant stalled plaintiff's training, subjected plaintiff to false discipline, issued plaintiff a final warning, subjected plaintiff to a coercive Performance Improvement Plan process, and constructively discharged plaintiff.

78. Similarly situated male employees were treated more favorably than plaintiff.

79. Male employees such Jared Marino and Theo Groelle engaged in comparable or more serious misconduct without receiving similar discipline to that imposed on plaintiff.

80. The adverse employment actions were based on plaintiff's sex.

81. In 2024, plaintiff and other female employees were paid less than male employees with lower education levels for the same job positions.

82. Female employees received lower raises than male employees despite higher performance evaluations.

83. Male employees received promotions in a shorter timeframe than plaintiff was told employees were allowed at the company.

## Count III - Hostile Work Environment Based on Race in Violation of 42 USCS § 2000e-2

(against defendant Tempus AI, Inc.)

84. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 83 as if fully set forth herein.

85. Plaintiff was subjected to unwelcome conduct based on race.

86. Casey Normyle made racist remarks, including a remark in a mocking tone about silencing Black voices.

87. Multiple employees, including Victoria Cole, Jordana Whiteside, Cara Starling, and manager Jishen Pan, laughed at the racist remark.

88. Manager Jishen Pan and other employees repeatedly excluded plaintiff from group communications.

89. Manager Jishen Pan omitted plaintiff from a team outing.

90. Plaintiff was subjected to false accusations and intensified scrutiny based on race.

91. The conduct was severe or pervasive.

92. The racist remarks and exclusionary conduct occurred at least twice weekly over an eight-month period.

93. The cumulative effect of the racist remarks, exclusion from team activities, false accusations, and disparate discipline created a hostile work environment.

94. The conduct affected a term or condition of plaintiff's employment.

95. The hostile conduct affected plaintiff's ability to participate in team activities, receive training, and perform her job duties without undue stress.

96. The hostile conduct contributed to plaintiff's constructive discharge.

97. Defendant knew or should have known of the conduct and failed to take prompt corrective action.

98. Plaintiff reported the hostile work environment to Human Resources representatives Mirna Maldonado and Giselle Duran in February 2025.

99. Plaintiff reported Casey Normyle's racist remarks to Human Resources shortly before plaintiff's resignation.

100. Human Resources responded belatedly to plaintiff's reports.

101. Defendant failed to take corrective action against Casey Normyle, who instead received a raise and promotion following her documented racist conduct.

102. Defendant's failure to take prompt corrective action allowed the hostile work environment to continue and escalate.

## Count IV - Retaliation in Violation of 42 USCS § 2000e-3

(against defendant Tempus AI, Inc.)

103. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 102 as if fully set forth herein.

105. Plaintiff engaged in protected activity.

106. In February 2025, plaintiff reported to Human Resources representatives Mirna Maldonado and Giselle Duran that Casey Normyle was creating a hostile work environment.

107. Plaintiff opposed discriminatory practices by reporting bullying and hostile work environment.

108. Shortly before plaintiff's resignation, plaintiff reported Casey Normyle's racist remarks to Human Resources.

109. Defendant knew of plaintiff's protected activity.

110. Human Resources representatives Mirna Maldonado and Giselle Duran received plaintiff's February 2025 complaints.

111. Human Resources received plaintiff's report of Casey Normyle's racist remarks.

112. Plaintiff suffered adverse employment actions.

113. Immediately following plaintiff's February 2025 complaints, defendant unjustifiably stalled plaintiff's training for an entire month.

114. Following plaintiff's February 2025 complaints, defendant subjected plaintiff to intensified scrutiny and discipline.

115. Defendant placed false or meritless complaints on plaintiff's annual and mid-year performance reviews.

116. In April 2025, defendant issued plaintiff a final warning despite plaintiff's prior "Exceeding Expectations" rating and despite plaintiff having no prior progressive discipline.

117. In August 2025, defendant subjected plaintiff to a coercive Performance Improvement Plan process.

118. Defendant constructively discharged plaintiff on September 26, 2025.

119. There was a causal connection between plaintiff's protected activity and the adverse employment actions.

120. The temporal proximity between plaintiff's February 2025 complaints and the subsequent adverse actions demonstrates causal connection.

121. Defendant's training stall began immediately after plaintiff's February 2025 complaints.

122. Defendant's pattern of escalating discipline following plaintiff's complaints demonstrates retaliatory intent.

123. Human Resources' belated response to plaintiff's report of racist remarks and defendant's promotion and raise for Casey Normyle following the racist remarks further evidence retaliatory intent.

124. Defendant's failure to take corrective action against Casey Normyle while escalating discipline against plaintiff demonstrates that the adverse actions were in retaliation for plaintiff's protected complaints.

### Count V - Constructive Discharge

(against defendant Tempus AI, Inc.)

125. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 124 as if fully set forth herein.

126. Plaintiff was subjected to discriminatory and retaliatory conduct.

127. Plaintiff was subjected to race-based harassment including racist remarks by Casey Normyle and exclusion from team communications and outings.

128. Plaintiff was subjected to false discipline, training sabotage, and a coercive Performance Improvement Plan process.

129. Plaintiff was subjected to intensified scrutiny and disparate treatment based on race and sex.

130. The working conditions became so intolerable that a reasonable person would feel compelled to resign.

131. Over an eight-month period, plaintiff endured racist remarks, exclusion from team activities, false accusations, stalled training, unwarranted final warning, and coercive Performance Improvement Plan process.

132. Managers Jishen Pan and Ravi Vasireddy detained plaintiff approximately 30 minutes beyond the end of her shift and attempted to force plaintiff to sign a Performance Improvement Plan without affording plaintiff an opportunity to review its contents.

133. Human Resources responded belatedly to plaintiff's reports and failed to take corrective action.

134. Despite plaintiff's reports of racist conduct and previous misconduct, Casey Normyle received a raise and promotion.

135. The cumulative effect of the discriminatory and retaliatory conduct made plaintiff's working conditions intolerable.

136. Plaintiff resigned.

137. On September 26, 2025, plaintiff resigned from her employment with defendant.

138. Plaintiff's resignation was a direct result of the intolerable working conditions.

139. Plaintiff resigned due to the ongoing mistreatment and cumulative impact of discriminatory and retaliatory conduct.

140. Plaintiff's unemployment benefits approval based on constructive dismissal findings supports that plaintiff's resignation was involuntary and resulted from intolerable working conditions created by defendant.

141. A reasonable person in plaintiff's position would have felt compelled to resign under the circumstances.

## DAMAGES

142. As a direct and proximate result of defendant's unlawful conduct, plaintiff has suffered and continues to suffer damages.

143. Plaintiff has lost wages and employment benefits from September 26, 2025 to the present.

144. Plaintiff remains unemployed in her field of work and continues to lose wages and employment benefits.

145. Plaintiff will continue to lose wages and employment benefits into the future.

146. Plaintiff has suffered and continues to suffer emotional distress, including stress, anxiety, and sleep loss.

147. Plaintiff has suffered damage to her professional reputation.

148. Plaintiff has suffered loss of career opportunities.

149. Defendant's conduct was intentional, willful, malicious, and in reckless disregard of plaintiff's federally protected rights.

150. Defendant knew or should have known that its conduct violated Title VII.

151. Defendant failed to take corrective action despite knowledge of discriminatory and retaliatory conduct.

152. Defendant promoted and rewarded employees who engaged in racist conduct while retaliating against plaintiff for reporting such conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter judgment in her favor and against defendant Tempus AI, Inc. as follows:

1. Compensatory damages for lost wages from September 26, 2025 to present and continuing into the future, including lost benefits and other employment-related compensation, pursuant to 42 USCS § 1981a;

2. Compensatory damages for emotional distress, including stress, anxiety, and sleep loss, pursuant to 42 USCS § 1981a;

3. Punitive damages for intentional discrimination and reckless conduct pursuant to 42 USCS § 1981a;

4. Injunctive relief requiring defendant to remove false performance documentation from plaintiff's personnel file;

5. Injunctive relief requiring defendant to provide plaintiff with a neutral employment reference;

6. Declaratory relief that defendant engaged in unlawful employment discrimination, harassment, retaliation, and constructive discharge in violation of Title VII;

7. Attorney's fees and costs pursuant to 42 USCS § 2000e-5;

8. Pre-judgment and post-judgment interest as allowed by law; and

9. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Aisha B. Doumouya
712 Folsom Ln
Morrisville, NC 27560
+1 (571) 241-5925
aishaevanna@gmail.com

## CERTIFICATE OF SERVICE

The Plaintiff, Aisha B. Doumouya, hereby certifies that a copy of the foregoing Complaint was served on the Defendant via first-class U.S. mail delivery, postage prepaid, to the addresses listed below:

Aisha B. Doumouya
712 Folsom Ln
Morrisville, NC 27560
+1 (571) 241-5925
aishaevanna@gmail.com

This the 1 day of May, 2026.

**SERVED:**

**Tempus AI, Inc.**

Registered Office address:

160 Mine Lake Ct Ste 200

Raleigh, NC 27615